UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ERROL J. BOURGEOIS, et al.**                              **CIVIL ACTION**

**VERSUS**                                                   **NO. 25-526**

**HUNTINGTON INGALLS INCORPORATED, et al.**   **SECTION: "G"(5)**

## ORDER AND REASONS

Before the Court is Sparta Insurance Company's ("Sparta") Motion to Stay, or Alternatively, Sever Plaintiffs' Claims.[1] In this litigation, Plaintiffs allege Decedent Emanuel J. Bourgeois ("Decedent"), while an employee for Huntington Ingalls Incorporated ("Avondale"),[2] was exposed to asbestos and asbestos-containing products manufactured, distributed, sold, and/or handled by Avondale and other parties.[3] Plaintiffs allege this exposure caused and/or contributed to Decedent's development of mesothelioma and, ultimately, his death.[4] In the instant motion, Sparta seeks to stay these proceedings during the pendency of a related, previously-filed declaratory action in the United States District Court in the District of Massachusetts.[5] Plaintiffs oppose the motion.[6] Having considered the motion, the memoranda in support and opposition, the record, and the appliable law, the Court denies the motion as moot.

---

[1] Rec. Doc. 126.

[2] Huntington Ingalls, Inc. was formerly known as: Northrop Grumman Shipbuilding, Inc., Northrop Grumman Ship Systems, Inc., Avondale Industries, Inc., Avondale Shipyard Inc., and Avondale Marine Ways, Inc.

[3] Rec. Doc. 1-2 at 2.

[4] *Id.*

[5] Rec. Docs. 126, 130.

[6] Rec. Docs. 129, 140.

In *Landis v. North American Co.*, the Supreme Court recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[7] The Supreme Court noted that "how this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[8] Therefore, a district court has "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[9] Furthermore, a district court may exercise this discretionary power sua sponte.[10]

Sparta argues that a stay is warranted because the Massachusetts litigation involves the threshold question of whether Sparta assumed liability for AEIC's insurance policies, and resolution of that action may dispose of or significantly narrow the issues in this case. According to Sparta, absent a stay it risks inconsistent determinations regarding its responsibilities under the 1970's policies.

Following the filing of the instant Motion to Stay, the Massachusetts court resolved the threshold contractual indemnity question that Sparta identified for the stay. The Massachusetts court concluded that PIC remains bound by its contractual obligations to indemnify Sparta for liabilities arising from EIC's pre-acquisition business.[11] Because the Massachusetts court has now

---

[7] 299 U.S. 248, 254 (1936).

[8] *Id.* at 254–55.

[9] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

[10] *See Begum v. Miner*, 213 F.3d 639, at *1 n.1 (2000) (unpublished) (citing *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999)) ("We have held that the district court may *sua sponte* stay a suit as a form of abstention.").

[11] Rec. Doc. 140-1.

confirmed PIC's duty to indemnify Sparta, it has eliminated the uncertainty Sparta asserted as its basis for a stay. For these reasons, the Court finds that the instant motion is now moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sparta Insurance Company's Motion to Stay or Alternatively, Sever and Stay[12] is **DENIED AS MOOT.**

**NEW ORLEANS, LOUISIANA**, this  12th  day of January, 2026.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[12] Rec. Doc. 126.