UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ERROL J. BOURGEOIS, SR., ET AL.**               **CIVIL ACTION**

**VERSUS**                                                          **NUMBER: 25-526**

**HUNTINGTON INGALLS INCORPORATED, ET AL.**   **SECTION: "G" (5)**

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Compel Huntington Ingalls Incorporated. (Rec. doc. 153). Huntington opposes the motion (rec. doc. 155), and Plaintiffs have filed a reply. (Rec. doc. 157). Having reviewed the pleadings and the case law, the Court rules as follows.

This is an asbestos exposure lawsuit. In short, Plaintiffs Errol J. Bourgeois, Jr. and his wife Mary Anne Bourgeois Richardson allege that Emanuel Bourgeois – the deceased, non-party brother of Errol – was exposed to asbestos and contracted mesothelioma through his own work at Avondale as well as through the work of his brothers, Plaintiff Errol and Joseph Bourgeois, Jr., who were also long-time Avondale employees. Errol and his wife are Emanuel's next of kin as he never married nor did he have children. Errol's and Emanuel's brother, Joseph Bourgeois, Jr., is also deceased. (Rec. doc. 13, ¶ 4). Through the motion before the Court, Plaintiffs seek the production of the employment file of Joseph and/or Joseph's personnel card that set forth the different job positions held by Joseph, identifies the dates Joseph held the positions, and identifies Joseph's foremen or supervisors. Also, the files often identify vessels on which Joseph worked or locations within the shipyard where he worked.

Avondale does not dispute the relevance of Joseph's employment file and/or personnel card. However, it has long been Avondale's policy not to produce these files

without either a court order or a signed authorization by the employee or next of kin if the employee is deceased. In this case, Joseph's widow – his next of kin – has declined to sign any authorization form to provide Joseph's employment file to her in-laws. Plaintiffs thus seek a court order to produce Joseph's employment file and/or personnel card to them and to assuage Avondale's fear of legal retribution from his next of kin.

Because non-party personnel files are likely to contain confidential, personal, and potentially embarrassing information, courts must balance the non-party's privacy interest against the parties' interest in obtaining relevant discovery. *In re: Xarelto (Rivaroxaban) Prod. Liab. Litig.*, 313 F.R.D. 32, 36-37 (E.D. La. 2016); *Poseidon Oil Pipeline Co. v. Transocean Sedco Forex, Inc.*, No. 00-2154, 2002 WL 1919797, at *4 (E.D. La. Aug. 20, 2002). Courts have observed that "[p]ersonnel files also present thorny issues of corporate policy; many files in a personnel file are not intended to be shared with an employee or disclosed outside of the company." *Xarelto*, 313 F.R.D. at 37. In balancing the interests, courts consider the so-called *Frankenhauser* factors, six of which are relevant in a civil case against a private defendant:

> (1) "the impact upon persons who have given information of having their identities disclosed;" (2) "whether the information sought is factual data or evaluative summary;" (3) "whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question;" (4) "whether the plaintiff's suit is non-frivolous and brought in good faith;" (5) "whether the information sought is available through other discovery or from other sources; and" (6) "the importance of the information sought to the plaintiff's case.

*Id.* at 36 (quoting *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973)).

When considered together, this Court finds – as it has so many times in the past[1] – that the *Frankenhauser* factors weigh in favor of production of Joseph's personnel card. To reduce the possible negative impacts, production of any such card will be limited as follows: Avondale shall produce only relevant portions of the personnel card that bear on the issues in this case, such as Joseph's dates of employment, the trades he performed, the locations where he worked, his exposure to asbestos, and his co-workers. Financial, health, family status, and disciplinary information shall not be subject to production unless it bears on the issues in this case. To the extent the production contains documents revealing financial, health, family status, or disciplinary information, such documents shall be produced as "Confidential" and subject to a protective order limiting disclosure of confidential information to the participants in this case. If such a protective order is necessary, the parties shall review the form protective order on the undersigned's website and submit it to the undersigned for consideration and issuance with any modifications appropriate for this case. For these reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Compel Huntington Ingalls Incorporated (rec. doc. 153) is **GRANTED IN PART** as outlined above.

**IT IS FURTHER ORDERED** that the oral hearing set on February 12, 2026 is **CANCELLED**.

New Orleans, Louisiana, this 11th day of February, 2026.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *See Palermo v. Eagle, Inc.*, Civ. A. No. 23-5425, 2024 WL 4041317 (E.D. La. Sept. 4, 2024).