**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ERROL J. BOURGEOIS, et al.**                          **CIVIL ACTION**

**VERSUS**                                              **NO. 25-526**

**HUNTINGTON INGALLS INCORPORATED, et al.**    **SECTION: "G"(5)**

## ORDER AND REASONS

Before the Court is Plaintiffs Errol J. Bourgeois, Sr. and Mary Anne Bourgeois Richardson's ("Plaintiffs") Motion for Review of and Objections to Magistrate Judge's Order and Reasons.[1] In this litigation, Plaintiffs allege Decedent Emanuel J. Bourgeois, while an employee for Huntington Ingalls Incorporated ("Avondale"),[2] was exposed to asbestos and asbestos-containing products manufactured, distributed, sold, and/or handled by Avondale and other parties.[3] Plaintiffs allege this exposure caused and/or contributed to Decedent's development of mesothelioma and, ultimately, his death.[4] In the instant motion, Plaintiffs request that this Court review the Magistrate Judge's Order granting in part Plaintiffs' Motion to Compel. Avondale opposes the motion.[5] Having considered the motion, the memoranda in support and opposition, the record, and the appliable law, the Court grants the motion. Avondale shall produce any

---

[1] Rec. Doc. 161.

[2] Huntington Ingalls, Inc. was formerly known as: Northrop Grumman Shipbuilding, Inc., Northrop Grumman Ship Systems, Inc., Avondale Industries, Inc., Avondale Shipyard Inc., and Avondale Marine Ways, Inc.

[3] Rec. Doc. 1-2 at 2.

[4] *Id.*

[5] Rec. Doc. 164.

documents in its possession that reflect Joseph Bourgeois's work locations and any other responsive information identified as relevant in the Magistrate Judge's February 11, 2026 Order, subject to the existing protective order.

## I. Background

On February 14, 2025, Plaintiffs filed a petition against Avondale, Sparta Insurance Company, The Travelers Indemnity Company, and Certain Underwriters at Lloyd's, London in the Civil District Court for the Parish of Orleans.[6] The petition alleges that Emanuel J. Bourgeois ("Emanuel") was employed by Avondale between 1963 and 2005, and during his employment he was allegedly exposed to asbestos.[7] The petition alleges that Emanual was also exposed through contact with his family members who were employed at Avondale.[8]

The petition states that these exposures caused and/or contributed to Emanuel's development of mesothelioma and other related ill health effects, and ultimately his death.[9] The petition states that Emanuel was first diagnosed with cancer on approximately October 31, 2024, and the diagnosis was confirmed as mesothelioma on November 13, 2024.[10] The petition states that Emanuel died on November 12, 2024, as a result of the mesothelioma and complications therefrom.[11] The petition states that Emanuel was survived by his siblings, Errol Bourgeois and

---

[6] Rec. Doc. 1-2.

[7] *Id.* at 6–7.

[8] *Id.* at 7

[9] *Id.*

[10] *Id.* at 9.

[11] *Id.*

Mary Anne Bourgeois Richardson.[12] The petition states that Sparta provided insurance coverage for the liability of Avondale's executive officers.[13]

On January 22, 2026, Plaintiffs filed a Motion to Compel, seeking to compel Avondale to produce the employment file of Joseph Bourgeois, Jr. ("Joseph"), Emanuel's brother who also worked for Avondale.[14] On February 11, 2026, the Magistrate Judge granted the motion in part and denied it in part.[15] Specifically, the Magistrate Judge ruled as follows:

> When considered together, this Court finds – as it has so many times in the past – that the *Frankenhauser* factors weigh in favor of production of Joseph's personnel card. To reduce the possible negative impacts, production of any such card will be limited as follows: Avondale shall produce only relevant portions of the personnel card that bear on the issues in this case, such as Joseph's dates of employment, the trades he performed, the locations where he worked, his exposure to asbestos, and his co-workers. Financial, health, family status, and disciplinary information shall not be subject to production unless it bears on the issues in this case. To the extent the production contains documents revealing financial, health, family status, or disciplinary information, such documents shall be produced as "Confidential" and subject to a protective order limiting disclosure of confidential information to the participants in this case. If such a protective order is necessary, the parties shall review the form protective order on the undersigned's website and submit it to the undersigned for consideration and issuance with any modifications appropriate for this case.[16]

On February 25, 2026, Plaintiffs filed the instant motion.[17] On February 25, 2026, Plaintiffs also filed a Motion for Clarification or Reconsideration of the February 11, 2026 Order.[18] On

---

[12] *Id.*

[13] *Id.* at 7.

[14] Rec. Doc. 153.

[15] Rec. Doc. 159.

[16] *Id.* at 3.

[17] Rec. Doc. 161.

[18] Rec. Doc. 162.

March 10, 2026, Avondale filed a response in opposition to the motion.[19] On March 13, 2026, Plaintiffs filed a reply memorandum in further support of the motion.[20] On April 6, 2026, the Magistrate Judge denied the Motion for Clarification or Reconsideration, explaining that "while the Court may have used the terms 'employment file and/or personnel card' when outlining the parties arguments, the ruling was clear as to the production of the relevant portions of the personnel card only."[21]

### II. Parties Arguments

#### A.    *Plaintiffs' Arguments in Support of the Motion*

Plaintiffs contend that there is confusion around the use of the phrases "personnel card" and "employment file" being used interchangeably.[22] In the event production was meant to be limited to the few pages that make up the personnel card portion of the employment file, Plaintiffs object to the Magistrate Judge's limited ruling and urge that the entire employment file should be included in the production.[23] Plaintiffs also raise issue with the failure of the Magistrate Judge to require an *in camera* inspection of the portions of Joseph's employment file which Avondale is withholding from Plaintiffs.[24]

---

[19] Rec. Doc. 165.

[20] Rec. Doc. 171.

[21] Rec. Doc. 177 at 4.

[22] Rec. Doc. 161 at 2.

[23] *Id.*

[24] *Id.*

Plaintiffs contend that the underlying Motion to Compel sought production of the employment file of Joseph.[25] Plaintiffs raise issues with the production of only the personnel card, which is a very small portion of Joseph's employment file.[26] Plaintiffs contend that identification of the vessels on which Joseph worked or locations within the shipyard where he worked would be revealed in other portions of the employment file and not the personnel card.[27] While the Magistrate Judge ordered that "Avondale shall produce only relevant portions of the personnel card that bear on the issues in this case, such as Joseph's dates of employment, the trades he performed, the locations where he worked, his exposure to asbestos, and his co-workers," Plaintiffs contend that the personnel card does not reflect the locations or vessels where an employee worked.[28] Plaintiffs explain that they are seeking an amendment of the order to the extent the order limits the production solely to relevant information within the personnel card and not the relevant information within the remainder of the employment file, and Plaintiffs request an *in camera* inspection of the portions of the employment file which is not produced to Plaintiffs.[29] Plaintiffs argue that there is no dispute as the relevancy of the employment file, and they are not opposed to a protective order.[30]

---

[25] Rec. Doc. 161-1 at 1.

[26] *Id.* at 2.

[27] *Id.* at 3.

[28] *Id.* at 4.

[29] *Id.*

[30] *Id.* at 5.

**B.**     *Avondale's Arguments in Opposition to the Motion*

In opposition to the motion, Avondale explains that Plaintiffs represented during their Rule 37 conferences and in the Motion to Compel that they would be satisfied with production of Joseph's personnel card rather than his entire employee file.[31] Avondale argues that there is no legal or factual basis for Plaintiffs' contention that the Magistrate Judge erred by granting Plaintiffs' request for Joseph's personnel card.[32] Avondale explains that Plaintiffs initially requested production of Joseph's employee file during discovery, however, Joseph's widow refused to execute the authorization documents.[33] Avondale states that Plaintiffs offered to accept production of the personnel card if it would negate the need for a signed authorization.[34] Thereafter, Plaintiffs filed a Motion to Compel seeking the employee file, or alternatively, Joseph's personnel card.[35]

Avondale contends that there is no confusion regarding the scope of the Magistrate Judge's Order, and Plaintiffs were aware that the locations where Joseph worked would not be contained in the personnel card.[36] Avondale avers that the request for the entire employee file is improper because the employee files contain workers' compensation records, health records, and information about family members, and any such production would be irrelevant.[37] Avondale

---

[31] Rec. Doc. 165 at 2.

[32] *Id.*

[33] *Id.* at 2–3.

[34] *Id.* at 3.

[35] *Id.*

[36] *Id.* at 3–4.

[37] *Id.* at 6.

states that Plaintiffs did not request an *in camera* inspection of the employee file in the Motion to Compel, and this request has been forfeited.[38] Avondale asserts that the motion should be denied.[39]

**C.      *Plaintiffs' Arguments in Further Support of the Motion***

In further support of the motion, Plaintiffs argue that the Magistrate Judge's ruling acknowledges that information in the employment file was relevant.[40] According to Plaintiffs, it was not the Magistrate Judge's intent to limit the production to the few pages of the personnel card.[41] Plaintiffs maintain that the personnel card does not include information regarding locations where Joseph worked or vessels upon which he worked.[42] Plaintiffs contend that, as set out in the Motion to Compel, the production of the entire employment file is necessary as it will reveal if any protections regarding asbestos were provided to Joseph, which bears directly on Joseph's exposure to asbestos.[43] Plaintiffs explain that, as confirmed by an industrial hygienist, documentation regarding the respiratory equipment, training, and medical monitoring for asbestos are the type of precautionary measures that would be documented in the employee files if such training or precautionary measures were implemented.[44]

---

[38] *Id.*

[39] *Id.* at 7.

[40] Rec. Doc. 171 at 1.

[41] *Id.* at 2.

[42] *Id.*

[43] *Id.*

[44] *Id.* at 2–3.

Plaintiffs further argue that the locations where Joseph worked are relevant to Plaintiffs' claims against manufacturers and suppliers of asbestos materials.[45] Plaintiffs aver that the Magistrate Judge held that the locations where Joseph worked was relevant.[46] Plaintiffs state that the Court has already signed a protective order governing the employment file of Joseph, and thus, all protections necessary to protect Joseph have been taken.[47]

Plaintiffs contend that they did not limit their request to only the personnel card.[48] Plaintiffs explain that they request production of the entire employment file, or alternatively, the personnel card if the Magistrate Judge did not believe that the other portions of the employment file were relevant.[49] Because the Magistrate Judge held that information regarding the locations of where Joseph worked was relevant, Plaintiffs argue that production of the entire employment file was necessary.[50] Plaintiffs reiterate that an amendment or revision of the Order is necessary to the extent the Order limits production solely to relevant information within the personnel card and not the remainder of the employment file.[51]

---

[45] *Id.* at 3.

[46] *Id.*

[47] *Id.* at 4.

[48] *Id.*

[49] *Id.*

[50] *Id.* at 5.

[51] *Id.* at 6.

### III. Legal Standard

United States Magistrate Judges have the power to hear and determine pretrial matters as designated by the court.[52] In the Eastern District of Louisiana, certain pretrial motions, including all civil discovery motions, are automatically referred to the magistrate judge to whom the case is allotted.[53] A magistrate judge is afforded broad discretion in resolving non-dispositive pre-trial matters,[54] and a party who claims to be aggrieved by a magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.[55] The district judge can only reverse the magistrate judge's ruling if it finds the ruling "is clearly erroneous or contrary to law."[56] A magistrate judge's finding is clearly erroneous only if it is implausible in light of the record considered as a whole.[57] To reverse the decision of the magistrate judge, the district court must be "left with the definite and firm conviction that a mistake has been committed,"[58] and a district court cannot reverse a magistrate judge's decision even if the district judge would have decided the issue differently.[59]

---

[52] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[53] Local Rule 72.1.

[54] *Palmisano, LLC. v. N. Am. Capacity Ins. Co.*, No. 19-cv-12755, 2020 WL 1429857, at *1 (E.D. La. Mar. 24, 2020).

[55] Fed. R. Civ. P. 72(a).

[56] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[57] *Moore v. Ford Motor Co.*, 755 F.3d 802, 808 n.11 (5th Cir. 2014).

[58] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 375 (E.D. La. 2012).

[59] *Shaidnagle v. Adams Cnty., Miss.*, No. 5:13-cv-112, 2015 WL 72161, *2 (S.D. Miss. Jan. 6, 2015) (citing *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

### IV. Analysis

Plaintiffs request that this Court review the Magistrate Judge's Order granting in part and denying in part Plaintiffs' Motion to Compel.[60] In the Motion to Compel, Plaintiffs sought to compel production of the employee file of Joseph or, alternatively, the personnel card.[61] The Magistrate Judge ordered Avondale to produce the personnel card, but denied Plaintiffs' request for the full employee file. Plaintiffs argue that the personnel card does not contain information regarding Joseph's work locations, which the Magistrate Judge acknowledged would be relevant in this asbestos exposure case.

The Magistrate Judge acknowledged that information regarding Joseph's work location is relevant. The Magistrate Judge nevertheless limited production to the personnel card rather than the entire employee file. Because it is undisputed that the personnel card itself does not contain Joseph's work-location information, limiting production to that document would not provide Plaintiff with the information the Magistrate Judge deemed relevant. Although the Magistrate Judge found such information relevant to Plaintiffs' claims, the Order directed production of the personnel card which does not contain the relevant work-location information. As such, the Court finds that the Magistrate Judge's February 11, 2026 Order was clearly erroneous and modification of the Magistrate Judge's Order is warranted.

Accordingly,

---

[60] Rec. Doc. 159.

[61] Rec. Doc. 153.

**IT IS HEREBY ORDERED** that Plaintiffs' Objection and Motion for Review/Appeal of the Magistrate Judge's Order is **GRANTED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's February 11, 2026 Order[62] is **REVERSED** to the extent it limits production to the personnel card, and judgment is rendered ordering Avondale to produce any documents in its possession that reflect Joseph's work locations and any other responsive information identified as relevant in the Magistrate Judge's February 11, 2026 Order, subject to the existing protective order.

**NEW ORLEANS, LOUISIANA**, this ___8th___ day of June, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[62] Rec. Doc. 159.