**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ERROL J. BOURGEOIS, et al.**                    **CIVIL ACTION**

**VERSUS**                                         **NO. 25-526**

**HUNTINGTON INGALLS INCORPORATED, et al.**        **SECTION: "G"(5)**

## ORDER AND REASONS

Before the Court is Plaintiffs Errol J. Bourgeois, Sr. and Mary Anne Bourgeois Richardson's ("Plaintiffs") "Motion for Summary Judgment that Emanuel Bourgeois Had Mesothelioma, that Emanuel Bourgeois's Mesothelioma Was Caused by Exposure to Asbestos, and that Mesothelioma Caused Emanuel Bourgeois's Death."[1] In this litigation, Plaintiffs allege Decedent Emanuel J. Bourgeois ("Decedent"), while an employee for Huntington Ingalls Incorporated ("Avondale"),[2] was exposed to asbestos and asbestos-containing products manufactured, distributed, sold, and/or handled by Avondale and other parties.[3] Plaintiffs allege this exposure caused and/or contributed to Decedent's development of mesothelioma and, ultimately, his death.[4]

Plaintiffs move the Court to find that Decedent had mesothelioma, that Decedent's mesothelioma was caused by exposure to asbestos, and that mesothelioma caused Decedent's

---

[1] Rec. Doc. 251.

[2] Huntington Ingalls, Inc. was formerly known as: Northrop Grumman Shipbuilding, Inc., Northrop Grumman Ship Systems, Inc., Avondale Industries, Inc., Avondale Shipyard Inc., and Avondale Marine Ways, Inc.

[3] Rec. Doc. 13.

[4] *Id.*

death.[5] Defendants Avondale, Foster Wheeler LLC, General Electric Company, Paramount Global, and American Insurance Company (collectively, "Defendants") oppose the motion.[6] Having considered the motion, the memoranda in support and opposition, the record, and the appliable law, the Court grants the motion. While the Court finds that Decedent was diagnosed with mesothelioma due to exposure to asbestos, which resulted in his death, there remain issues of material fact as to the specific causation of Decedent's mesothelioma, and the Court's ruling does not prevent any Defendant from presenting evidence or arguments to the jury regarding specific causation.

## I. Background

On February 14, 2025, Plaintiffs filed a petition against Avondale, Sparta Insurance Company, Travelers Indemnity Company, and Certain Underwriters at Lloyd's, London in the Civil District Court for the Parish of Orleans.[7] On March 17, 2025, Avondale removed the case to this Court.[8] On April 9, 2025, Plaintiffs filed a First Supplemental and Amending Complaint adding Bayer CropScience, Inc., Eagle, Inc., Foster-Wheeler LLC, General Electric Company, Taylor-Seidenbach, Inc., The McCarty Corporation, Paramount Global, Uniroyal, Inc., International Paper Company, and American Insurance Company as Defendants.[9] On May 19, 2025, Plaintiffs filed a Second Supplemental and Amending Complaint adding Liberty Mutual

---

[5] Rec. Doc. 251.

[6] Rec. Docs. 272, 275, 281.

[7] Rec. Doc. 1-2.

[8] Rec. Doc. 1.

[9] Rec. Doc. 13. Plaintiffs' claims against International Paper Company were dismissed with prejudice on December 18, 2025. Rec. Doc. 144.

2

Insurance Company, as the alleged insurer of Hopeman Brothers, Inc., as a Defendant.[10] Avondale has also filed crossclaims and a Third-Party Complaint naming numerous additional third-party defendants.[11]

The Amended Complaint alleges that Decedent was employed by Avondale between 1963 and 2005, and during his employment he was allegedly exposed to asbestos.[12] The Amended Complaint alleges that Decedent was also exposed to asbestos through contact with his family members who were employed at Avondale.[13] The Amended Complaint states that these exposures caused and/or contributed to Decedent's development of mesothelioma and other related ill health effects, and ultimately his death.[14] The Amended Complaint states that Decedent was first diagnosed with cancer on approximately October 31, 2024, and the diagnosis was confirmed as mesothelioma on November 13, 2024.[15] The Amended Complaint states that Decedent died on November 12, 2024, as a result of the mesothelioma and complications therefrom.[16] The Amended Complaint states that Decedent was survived by his siblings, Errol Bourgeois and Mary Anne Bourgeois Richardson.[17]

---

[10] Rec. Doc. 77.

[11] Rec. Docs. 4, 43, 86.

[12] Rec. Doc. 13 at 2.

[13] *Id.*

[14] *Id.*

[15] *Id.* at 5.

[16] *Id.*

[17] *Id.*

3

On June 8, 2026, Plaintiffs filed the instant motion.[18] On June 16, 2026, Avondale filed an opposition to the motion.[19] On June 16, 2026, Foster-Wheeler, General Electric, and Paramount Global also filed an opposition to the motion.[20] On June 18, 2026, American Insurance Company joined Avondale's opposition.[21] On June 19, 2026, Plaintiffs filed a reply memorandum in further support of the motion.[22]

## II. Parties Arguments

### A.   *Plaintiffs' Arguments in Support of the Motion*

Plaintiffs assert it is undisputed that Decedent had mesothelioma, his mesothelioma was caused by his asbestos exposure, and his death was caused by mesothelioma.[23] Plaintiffs cite medical records confirming Decedent's diagnosis of mesothelioma and reports and depositions from both Plaintiffs' and Defendants' experts confirming Decedent's diagnosis.[24] Similarly, Plaintiffs cite medical reports and depositions from the parties' experts showing that there is no dispute that Decedent's mesothelioma was caused by exposure to asbestos.[25] Lastly, Plaintiffs cite

---

[18] Rec. Doc. 251.

[19] Rec. Doc. 272.

[20] Rec. Doc. 275.

[21] Rec. Doc. 293.

[22] Rec. Doc. 296.

[23] Rec. Doc. 251-1.

[24] *Id.* at 1–2.

[25] *Id.* at 3.

the same evidence along with Decedent's death certificate to establish that there is no dispute that Decedent's death was caused by his mesothelioma.[26]

**B.      *Defendants' Arguments in Opposition to the Motion***

Avondale responds to Plaintiffs' motion by first stating that it "takes no position on Plaintiffs' assertion that Emanuel Bourgeois was diagnosed with mesothelioma and that this illness resulted in his death."[27] Avondale acknowledges that Plaintiffs do not appear to suggest that the specific causation of the asbestos exposure should be determined by the instant motion.[28] Nevertheless, Avondale contends that the "issue of whether Emanuel Bourgeois's mesothelioma was caused by exposure to asbestos . . . is a disputed question of fact."[29] Avondale asserts that the Court should not prevent any defendant from disputing the source of the asbestos that caused Decedent's mesothelioma.[30] Similarly, Defendants General Electric, Foster Wheeler, and Paramount Global respond to Plaintiffs' motion by stating they "do not oppose Plaintiffs' contention that Emauel Bourgeois had mesothelioma nor that mesothelioma caused his death."[31]

**C.      *Plaintiffs' Arguments in Further Support of the Motion***

In reply, Plaintiffs point out that the "oppositions filed by the Defendants reveal that they do not actually dispute" the claims in the instant motion.[32] Specifically, Plaintiffs allege that

---

[26] *Id.*

[27] Rec. Doc. 272 at 1.

[28] *Id.* at 2.

[29] *Id.* at 1–2.

[30] *Id.* at 2.

[31] Rec. Doc. 275 at 1.

[32] Rec. Doc. 296 at 1.

Defendants' briefs merely "offer arguments about an issue on which Plaintiffs did not seek summary judgment: specific causation."[33]

### III. Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[34] The court must view the evidence in the light most favorable to the nonmovant.[35] Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts.[36] The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute.[37] "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[38]

### IV. Analysis

Plaintiffs assert that there is no genuine dispute of material facts that Decedent had mesothelioma, his mesothelioma was caused by his asbestos exposure, and his death was caused by mesothelioma. Plaintiffs cite multiple medical reports from both parties' experts in addition to other documents to support their assertion. Defendants by their own admission either "take[ ] no position" or "do not oppose" Plaintiffs' factual contentions regarding Decedent's diagnosis, the

---

[33] *Id.* at 2.

[34] Fed. R. Civ. P. 56(a).

[35] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

[36] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[37] *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

[38] *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (internal citation omitted).

causation of said diagnosis, and the causation of Decedent's death.[39] However, the sources and locations of his asbestos exposure, the particular asbestos-containing products to which he was exposed, and the specific types of asbestos fibers to which he was exposed (*i.e.*, specific causation), as being the cause of Decedent's mesothelioma is in dispute. Accordingly, the Court agrees with Plaintiffs' submission that there is no genuine dispute of material facts that Decedent had mesothelioma, his mesothelioma was caused by his asbestos exposure, and his death was caused by mesothelioma. Therefore, the Court grants summary judgment on these issues.

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion for Summary Judgment that Emanuel Bourgeois Had Mesothelioma, that Emanuel Bourgeois's Mesothelioma Was Caused by Exposure to Asbestos, and that Mesothelioma Caused Emanuel Bourgeois's Death"[40] is **GRANTED**. While the Court finds that Emanuel Bourgeois was diagnosed with mesothelioma due to exposure to asbestos, which resulted in his death, there remain issues of material fact as to the specific causation of Mr. Bourgeois's mesothelioma, and the Court's ruling does not prevent any Defendant from presenting evidence or arguments to the jury regarding specific causation.

**NEW ORLEANS, LOUISIANA**, this __21st__ day of June, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[39] Rec. Docs. 272, 279.

[40] Rec. Doc. 251.

7